

NUMBERS 13-14-00301-CR & 13-14-00172-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MICHAEL DAVID RAMIREZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 445th District Court
of Cameron County, Texas.**

# ORDER ABATING APPEAL

**Before Chief Justice Valdez and Justices Garza and Longoria
Order Per Curiam**

On August 26, 2014, this Court abated these appeals to the trial court to determine

who is representing Ramirez.[1]   The trial court held a hearing and issued findings that

---

[1] Cause number 13-14-00172-CR was also abated because it involves the same appellant.

Honorable Larry Warner is appellant's attorney of record and Honorable Alfredo Padilla was released as attorney of record. This Court subsequently reinstated the appeals and granted Honorable Larry Warner's motion to substitute counsel.

These causes are now before the Court on counsel's motion to withdraw as counsel. Counsel's motion indicates he misspoke when he informed the trial court that he represented Ramirez in all three cases. Counsel states that he only represents Ramirez in cause number 13-14-00171-CR and does not represent Ramirez in cause numbers 13-14-001301-CR and 13-14-00171-CR.

Accordingly, we ABATE the appeal and REMAND these causes to the trial court for further proceedings consistent with this order. Upon remand, the trial court is directed to immediately cause notice to be given and conduct a hearing to determine (1) whether appellant desires to prosecute these appeals; (2) whether appellant is indigent; and (3) whether Honorable Larry Warner should remain as counsel or be allowed to withdraw.

If the trial court determines that Honorable Larry Warner should be allowed to withdraw as counsel and appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in these appeals. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental

reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order. If the trial court requires additional time to comply, the trial court should so notify the Clerk of this Court.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of October, 2014.

3